UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   4:21 CR 364 RWS |
| ) | |
| DALTON HARRISON, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Defendant Dalton Harrison filed a letter asking if he qualified for a sentence reduction. I will construe Harrison's letter as a motion for a sentence reduction.

Harrison is serving a prison sentence stemming from his conviction as a felon in possession of a firearm. Harrison believes that 18 U.S.C. § 922(g)(1) (barring felons from possessing a firearm) had been declared unconstitutional. I will deny Harrison's motion for a sentence reduction because the statute that bars a felon from possessing a firearm has been deemed constitutional by the United States Court of Appeals for the Eighth Circuit.

On May 24, 2022, Harrison pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 25, 2022, Harrison was sentenced to a 48-month term of imprisonment. On August 19, 2025, Harrison filed his letter inquiring about a sentence reduction. Harrison asserts that 18

U.S.C. § 922(g)(1) had been declared unconstitutional and, as a result, he would be entitled to a reduced sentence. He also stated that he heard that federal prison terms of imprisonment had been reduced from an 85% minimum of term of incarceration to a 71% minimum term of incarceration. On January 6, 2026, the United States Federal Public Defender's office filed a notice that they would not be filing a supplemental motion in support of Harrison's request for a sentence reduction.

Harrison is correct that some courts have found 18 U.S.C. § 922(g)(1) to be unconstitutional in some circumstances. See e.g. United States v. Cockerham, No. 24-60401, 2025 WL 3653336, at *1 (5th Cir. Dec. 17, 2025) (finding the statute constitutional for felony convictions which "stemmed from the threat and commission of violence" but holding it unconstitutional for the defendant who had only one prior felony conviction for a non-violent crime, a failure to pay child support, and who never "spent a single day in prison."). The court in Cockerham noted that a number of the federal circuit courts that have addressed challenges to § 922(g)(1) have affirmed its constitutionality as a categorial matter. Id. at 8. That includes the United States Circuit Court for the Eighth Circuit in its decision in United States v. Jackson, 110 F.4th 1120, 1127 (8th Cir. 2024), cert. denied, 145 S. Ct. 2708, 221 L. Ed. 2d 970 (2025).

In Jackson, the court held that the defendant's prior felony conviction alone, without regard to the basis of the conviction, made it unlawful under § 922(g)(1) for him to possess a firearm. The Eighth Circuit's holding that § 922(g)(1) is constitutional is binding on this Court. See Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003) (District courts in the Eighth Circuit are duty bound to follow precedential decisions of the Eighth Circuit Court of Appeals.). As a result, Harrison's motion for a reduced sentence will be denied because the Eighth Circuit had determined that § 922(g)(1) is a constitutional statute.

Harrison also states that he has heard that federal prison terms of imprisonment had been reduced from an 85% minimum term of incarceration to a 71% minimum term of incarceration. That is not accurate. A federal prisoner may earn a credit of 54 days per year toward the service of the prisoner's sentence for "exemplary compliance with institutional disciplinary regulations" (which equals a 15% reduction annually) but still serves 85% of his sentence. 18 U.S.C. § 3624. I note that some Federal Bureau of Prison programs may award additional sentence credits but as a general rule federal prisoners will serve at least 85% of their sentence. Harrison has not cited any legal authority in support of his proposition that federal terms of imprisonment have been reduced to a 71% minimum term of imprisonment. Additionally, I have not found any authority for such a claim.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Dalton Harrison's motion for a sentence reduction [50] is **DENIED**.

                                                    */s/ Rodney W. Sippel*
                                                    RODNEY W. SIPPEL
                                                    UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2026.